**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT MARINO, <br><br> Plaintiff, <br><br> v. <br><br> THE JOINT BOARD OF ADMINISTRATIVE TRUSTEES, TEAMSTERS LOCAL UNION NO. 134 PENSION AND DEATH BENEFIT PLAN, <br><br> Defendant. | Civil Action No.: 15-6933 (JLL) <br><br> **OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Cross-Motions for Summary Judgment filed by Plaintiff Robert Marino (ECF No. 13) and Defendant The Joint Board of Administrative Trustees, Teamsters Local Union No. 134 Pension and Death Benefit Plan ("Defendant") (ECF No. 18). Each party has opposed the other's Motion. (ECF Nos. 18, 19). The Court decides this matter on the papers, and without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Cross-Motion for Summary Judgment.

**I.   Background**

Plaintiff is a New Jersey resident who, by virtue of his past employment, is a "Participant" of the Teamsters Local Union No. 134 Pension and Death Benefit Plan (the "Plan"). (ECF No. 3, Amended Complaint ("Am. Compl.") ¶ 9; *see also* ECF No. 13-2, Plaintiff's Statement of

Undisputed Material Facts ("Pl.'s SMF") ¶ 2; ECF No. 18 at 18-19, Defendant's Response to Plaintiff's Statement of Undisputed Material Facts ("Def.'s Response to SMF") ¶ 2). The Plan, which is governed by the Employee Retirement Income Security Act ("ERISA"), was established pursuant to collective bargaining agreements entered into between a number of employers and Teamsters Local Union No. 134 (the "Union"). (Am. Compl. ¶ 6). Defendant is the Plan Administrator, and in that capacity is responsible for managing the Plan and providing benefits to plan Participants when due. (*Id.* ¶ 5; Pl.'s SMF ¶ 1; Def.'s Response to SMF ¶ 1).

Plaintiff applied for Social Security disability benefits from the Social Security Administration ("SSA"). By way of a Notice of Award, the SSA "found that [Plaintiff] became disabled under [SSA] rules on January 30, 2014." (Pl.'s Mov. Br., Exh. C). In the same Notice of Award, the SSA advised Plaintiff that "[t]o qualify for disability benefits, [he] must be disabled for five full calendar months in a row. The first month [he is] entitled to benefits is July 2014." (*Id.*).

Plaintiff also applied for Disability Retirement Benefits under the Plan. (Pl.'s SMF ¶ 4; Def.'s Response to SMF ¶ 4). Defendant granted Plaintiff's request for benefits. (*Id.*). By later dated June 22, 2015, however, Defendant advised Plaintiff that his "eligibility for monthly disability pension benefits from the Plan . . . commenced in July, 2014." (*Id.* ¶ 5). Defendant explained its calculation of the July 2014 date of commencement of benefits as follows:

> [Plaintiff] did not become eligible to receive social security disability benefits until July 2014. The plan defines "Disability" as when "a Participant shall be eligible to receive benefits under" the provision of the Social security Act. Accordingly, his eligibility for monthly disability pension benefits from the Plan likewise commenced in July 2014.

(ECF No. 1, Exh. A).

In this action, filed on September 19, 2015 (ECF No. 1), Plaintiff contests Defendant's determination that his benefits commenced in July 2014. Plaintiff alleges that Defendant violated ERISA by "miscalculat[ing] the commencement date for Plaintiff's Disability Retirement

Benefits," therefore depriving Plaintiff of benefits under the plan. (Am. Compl. ¶¶ 18-19).[1] Specifically, Plaintiff argues that he was entitled to begin receiving benefits as of February 1, 2014, the day after he was deemed "disabled" by the SSA. (Am. Compl. ¶ 19).

Plaintiff filed the pending Motion for Summary Judgment on June 29, 2016 (ECF No. 13, "Pl.'s Mov. Br."). On August 19, 2016, Defendant simultaneously opposed Plaintiff's Motion and Cross-Moved for Summary Judgment. (ECF No. 18, "Def.'s Opp. Br."). Plaintiff has opposed Defendant's Motion. (ECF No. 19, "Pl.'s Opp. Br.").

## II.    Legal Standard

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "[T]he moving party must show that the non-moving party has failed to establish one or more essential elements of its case on which the non-moving party has the burden of proof at trial." *McCabe v. Ernst & Young, LLP*, 494 F.3d 418, 424 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The Court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 242-43, 249 ("At the summary judgment

---

[1] Plaintiff also alleges in the Amended Complaint that the Plan's third-party Claims Administrator, MetLife, credited him with less years of service than he is entitled to. (*Id.* ¶¶ 22, 26). Neither Plaintiff in his Motion, nor Defendant in its Motion, has offered any evidence in support of or in opposition to this allegation. Accordingly, the Court's Opinion and Order should not be read to grant summary judgment in favor of Plaintiff as to this allegation. However, because both Parties have moved for Summary Judgment in full, rather than in part, the Court construes Plaintiff as having abandoned this allegation.

3

stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

### III.   Discussion

The Parties are in agreement that the correct legal standard to be applied to Defendant's decision as to the date on which Plaintiff was first entitled to collect benefits is whether the decision was "arbitrary and capricious." (Pl.'s Mov. Brief at 2; Def's. Opp. Br. at 4). The Parties, however, disagree as to whether Defendant's decision meets this standard of review. The Third Circuit has held that "[a]n administrator's decision is arbitrary and capricious if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Miller v. American Airlines, Inc.*, 632 F.3d 837, 844–845 (3d Cir. 2011) (citing *Abnathya v. Hoffmann–La Roche, Inc.*, 2 F.3d 40, 45 (3d Cir.1993)). An "administrator's decision is supported by substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision." *Daniels v. Anchor Hocking Corp.*, 758 F.Supp. 326, 331 (W.D.Pa. 1991).

As such, this Court must decide whether the Plan's determination that Plaintiff's disability benefits were to commence in July 2014 is "unsupported by substantial evidence or erroneous as a matter of law." *Miller*, 632 F.3d at 844-45. To that end, the Court considers the relevant Plan provisions, as well as each party's interpretation of same.

#### A. Relevant Plan Provisions

The following Plan provisions are relevant to the instant dispute:

- **AMOUNT OF RETIREMENT INCOME**
    - **4.3(b) Upon Early or Disability Retirement.** Upon Retirement at his Disability Retirement Date or his Early Retirement Date as defined in accordance with Subsection 1.33(b)(ii), a Participant shall receive the unreduced amount of his Accrued Benefit commencing as of such Retirement Date.

4

- **DEFINITIONS**
  - **1.33(d) "Disability Retirement Date"** – The first day of the month coincident with or next following the date on which an Active or Inactive Participant is deemed to have incurred a Disability . . . .
  - **1.16. "Disability"** Any physical or mental condition for which a Participant shall be eligible to receive benefits under the disability insurance provisions of the Social Security Act. . . .

### B. Defendant's Argument

Defendant contends that "[u]nder the Plan's design, Plaintiff's disability retirement benefits commence on the date that Plaintiff is eligible to receive Social Security disability benefits." (Def.'s Opp. Br. at 7). Specifically, Defendant notes that the Plan defines "Disability" as any "condition for which a Participant *shall be eligible* to receive" Social Security benefits. (Pl.'s Mov. Br., Exh. C). It is undisputed that Plaintiff was not entitled to start receiving SSA disability benefits until July 2014. (*See* Pl.'s Mov. Br., Exh. C). Accordingly, Defendant contends that Plaintiff was not "Disabled" as that term is defined by the Plan until July 2014. (Def.'s Opp. Br. at 7-8).

### C. Plaintiff's Argument

Plaintiff accuses Defendant of conflating the definition of "Disability" with the pertinent issue in this case—that is, the date that payment of his Plan benefits was to commence. (Pl.'s Op. Br. at 1). Plaintiff argues that it is Sections 4.3(b) and 1.33(d), above, that govern the date on which Disability Retirement Benefits will be payable rather than Section 1.16 (alone), which defines "Disability." (Pl.'s Mov. Br. at 1).

Section 4.3(b) provides that "[u]pon Retirement at his Disability Retirement Date . . . a Participant shall receive the unreduced amount of his Accrued Benefit *commencing as of such Retirement Date*." (Plan, § 4.3(b)) (emphasis added). The "Disability Retirement Date" is defined, in turn, as "[t]he first day of the month coincident with or next following the date on which an

Active or Inactive Participant *is deemed to have incurred a Disability.*" (*Id.* § 1.33(d)) (emphasis added).

Because the Plan defines a "Disability" as "[a]ny physical or mental condition for which a Participant shall be eligible to receive benefits under the disability insurance provisions of the Social Security Act," and because the SSA determined that Plaintiff was disabled as of January 30, 2014, Plaintiff contends that he was entitled to benefits as of February 1, 2014—that is, "the first day of the month . . . next following the date" on which he was deemed to be Disabled. (Pl.'s Mov. Br. at 1-2).

In short, Plaintiff argues that the Plan's determination as to the commencement of his benefits is "arbitrary and capricious[ ] because it fails to account for the express provisions of Sections 4.3(b) and 1.33(d). (*Id.* at 3).

### D. Analysis

Based upon a review of the relevant Plan provisions, the Court finds that Defendant's determination that Plaintiff was not entitled to begin receiving benefits under the Plan until July 2014 was arbitrary and capricious. Even under the deferential arbitrary and capricious standard, "an administrator's interpretation may not controvert the plain language of the [Plan]." *Cottillion v. United Refining Co.*, 781 F.3d 47, 55 (3d Cir. 2015) (internal quotations omitted); *see also Dewitt v. Penn-Del Directory Corp.*, 106 F.3d 514, 520 (3d Cir. 1997) (noting that ERISA plan administrators "are obligated to comply with the terms of the plan").

Here, Defendant's interpretation of the Plan completely disregards and renders superfluous Section 4.3(b), which, by its plain language, governs the "commencement" of benefits upon retirement. In fact, Defendant's explanation that "Plaintiff's disability retirement benefit commences on the date that Plaintiff is eligible to receive Social Security benefits" is belied by

Sections 4.3(b) and 1.33(d). That is, Section 4.3(b) provides that "[u]pon Retirement at his Disability Retirement Date . . . a Participant shall receive [benefits] *commencing* as of such Retirement Date." The Plan defines "Disability Retirement Date," in turn, in reference to the date that the "Participant is *deemed to have incurred a Disability*." (Plan, § 1.33(d)) (emphasis added). Finally, the Plan defines "Disability" as a "condition for which a Participant shall be eligible to receive" Social Security benefits. (Plan, § 1.16). Section 1.16 speaks only to the definition of "Disability"—not to the commencement of benefit payments, and it is undisputed that as of January 30, 2014, Plaintiff had a "condition" that rendered him "eligible to receive" SSA benefits (notwithstanding the fact that he was not entitled to begin receiving those benefits until July 2014).

Defendant's interpretation appears to hinge upon the word "eligible" in the definition of "Disability." (Def.'s Opp. Br. at 7). Defendant improperly conflates the "condition" which renders a Participant "eligible" for Social Security disability benefits with the date on which a Participant is "entitled" to receive those benefits under the Plan. (*Id.*). However, the Plan itself provides separate and distinct provisions relating to the definition of "Disability" on the one hand, and the date that disability benefits are to commence, on the other. Rather than looking to the provision defining the word "Disability" to determine the date on which Plaintiff's benefits will commence, Defendant should have looked toward the Plan's specific provisions dealing with the "commence[ment]" of such benefits. Defendant's reliance on the definition of "Disability" to determine the date of commencement of Plaintiff's benefits renders Section 1.43(b) entirely superfluous and was therefore an arbitrary decision.

Moreover, "when the Trustees of a pension plan impose[] standards not required by the plan itself, they act[] arbitrarily." *Epright v. Environmental Resources Management, Inc. Health and Welfare Plan*, 81 F.3d 335, 342 (3d Cir. 1996). Here, although the Plan makes no reference to the

7

SSA's rule regarding a five-month delay in the commencement of benefits, Defendant's decision effectively engrafts such a standard into the Plan.

For these reasons, the Court finds that the Defendant's interpretation of the ERISA Plan as to Plaintiff's benefits was arbitrary and capricious. As such, the Court grants Plaintiff's Motion for Summary Judgment, and denies Defendant's Cross-Motion.

### IV. Conclusion

For the reasons stated herein, the Court grants Plaintiff's Motion for Summary Judgment, and denies Defendant's Cross-Motion. An appropriate Order follows.

IT IS SO ORDERED.

DATED: September 6th, 2016

JOSE L. LINARES, U.S.D.J.